```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

CHRISTOPHER W. PEREZ,                :
                                     :CIVIL ACTION NO. 3:15-CV-1341
          Plaintiff,                 :
                                     :(JUDGE CONABOY)
     v.                              :
                                     :
ROSTYSGAU BLHAZHKEVYCH,              :
VALTRANS EXPRESS, INC.,              :
AMERIFREIGHT SYSTEMS, LLC,           :
AMERIREIGHT, INC., and               :
AMERIFREIGHT HOLDING, LLC,           :
                                     :
          Defendants.                :

FILED SCRANTON APR 04 2016 PER _____ DEPUTY CLERK

## MEMORANDUM

Here we consider Plaintiff's Motion to Compel filed on February 3, 2016. (Doc. 13.) The motion was accompanied by a supporting brief which included a request for an expedited briefing schedule. (Doc. 14 at 23.) The Court granted Plaintiff's request (Doc. 15) and Defendants filed their opposition brief (Doc. 16) on February 12, 2016. Because Defendants stated they had provided Plaintiff with additional information after the Motion to Compel was filed (*see* Doc. 16 at 2-3), on February 23, 2016, the Court issued an Order (Doc. 17) directing Plaintiff to file a status report indicating what issues had been resolved and what issues remain regarding the pending Motion to Compel. Plaintiff filed the requested status report on February 26, 2016, identifying several documents which Defendants had not produced and other outstanding issues. (Doc. 18.) Plaintiff maintains that Defendants have failed to produce the following: driver trip log; trip documents;

accident register; reports, statements, and photographs relative to the accident; driving history report; cell phone record; company policies and procedures; maintenance files and records, dispatch and/or operational record; copy of documents depicting how Defendants computed Defendant Driver's pay; electronic or satellite data; and full and complete responses to Plaintiff's interrogatories. (*Id.* at 1-2.) Plaintiff also asserts that receipt of these documents is necessary to take the depositions of Defendant Driver and Corporate Representative. (*Id.* at 2.)

## I. Background

This action is based on an accident which occurred on March 29, 2014, at approximately 3:57 p.m. in Pittston Township, Pennsylvania. (Doc. 14 at 5.) Plaintiff was driving northbound on Laurel Street and Defendant Rostysgau Blhazhkevych was driving southbound on Main Street heading toward Laurel Street. (*Id.*) Defendant Blhazhkevych allegedly crossed into the opposing lane of travel bringing his tractor-trailer into contact with the front of Plaintiff's vehicle causing Plaintiff's vehicle to be pushed off the roadway and causing injury to Plaintiff. (*Id.*)

Plaintiff alleges that Defendant Blhazhkevych was the "agent, servant, workman and/or employee of Defendant Valtrans Express, Inc. and/or Defendant AmeriFreight Systems, LLC and/or Defendant AmeriFreigth Holding, LLC, and was acting within the course and scope of his employment." (Doc. 14 at 5.) Plaintiff further avers

2

that the tractor-trailer driven by Defendant Blhazhkevych was owned by Defendant Valtrans Express, Inc. and/or Defendant AmeriFreight Systems, LLC and/or Defendant AmeriFreigth Holding, LLC. (*Id.* at 5-6.)

Defendants maintain that, at the time of the accident, Defendant Blhazhkevych was an owner-operator of the tractor-trailer under lease to Valtrans and the corporate Defendants had no ownership over the trailer as averred by Plaintiff. (Doc. 16 at 1.) Defendants also assert that Plaintiff was responsible for the maintenance of his tractor-trailer, including all inspections, maintenance, and logs. (*Id.* at 1-2.)

Plaintiff's complaint asserts a negligence cause of action against each Defendant, and his claims against Defendant Valtrans and the AmeriFreight Defendants are based on vicarious liability as well as corporate negligence for their own negligent actions. (Doc. 14 at 6.)

## II. Discussion

Discovery matters are governed by Rule 26 of the Federal Rules of Civil Procedure. The scope and limit of discovery is addressed in Rule 26(b)(1) which provides the following:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any parties' claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

3

>importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs the likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

(Fed. R. Civ. P. 26(b)(1).) Relevance in this context has been "construed broadly to encompass any matter that could bear on, or that could reasonably lead to other matter that could bear on any issue that is or may be in the case." *Oppenheimer Funds v. Sanders*, 437 U.S. 340, 351 (1978).

Plaintiff generally avers that Defendants have objected to most interrogatories and discovery requests, asserting numerous inapplicable objections. (Doc. 14 at 7.) Defendants broad response is that the discovery requests are an abuse of discretion and that many of the interrogatory requests entail information which must be provided by Defendant Blhazhkevych whom defense attorneys have been unable to contact. (*Id.* at 6-8.) Specific requests are addressed below.

**A.    *Interrogatories***

**1.    Interrogatories Numbers One Through Four and Fifteen**

Plaintiff maintains that these interrogatories seek relevant information regarding Defendant Blhazhkevych's education, employment, drivers license, and any violations, suspensions, or revocations as well as prior accidents and lawsuits that may have arisen therefrom. (Doc. 14 t 8.) Defendants state that the documents containing the information requested have been provided

4

to Plaintiff.  (Doc. 16 at 7.)  Thus, further discussion of these interrogatories is not warranted at this time.

2. **Interrogatories Five and Six Directed to Defendant Blhazhkevych**

Plaintiff states that these interrogatories seek information regarding Defendant Blhazhkevych's cell phone and/or any other communication device he may have been using at the time of the accident.  (Doc. 14 at 10.)  Defendants do not respond directly to Plaintiff's assertion but defense counsel states generally that he has been unable to reach Defendant Blhazhkevych and "given this impediment, defendants' counsel is simply unable to provide full responses to those discovery requests directed to Mr. Blhazhkevych. Our efforts to locate Mr. Blhazhkevych are ongoing."  (Doc. 16 at 8.)

Certainly interrogatories related to Defendant Blhazhkevych's cell phone and/or any other communication device used at the time of the accident are relevant to this action.  It is also Defendant Blhazhkevych's obligation to cooperate in the defense of this action.  Should he continue to fail to do so, Plaintiff and the Court may take appropriate measures.

3. **Interrogatories Numbers Seven Through Ten Directed to Defendant Blhazhkevych**

As set out in Plaintiff's brief, these interrogatories seek information regarding Defendant Blhazhkevych's operation of the vehicle on the date of the accident, monetary incentives, and

5

compensation information. (Doc. 14 at 11.) Again, Defendants do not respond directly to these requests.

I conclude the Plaintiff has sufficiently limited these requests and stated why the information is relative to the case. Therefore, Defendants are directed to provide the requested information.

4. **Interrogatories Numbers Eleven Through Thirteen Directed to Defendant Blhazhkevych**

These interrogatories relate to Defendant Blhazhkevych's medical condition at the time of the accident. (Doc. 14 at 12.) As with the Court's determination of the other interrogatories directed to this Defendant, there is no basis to conclude the information sought is not relevant to the case and Defendants are directed to provide it to Plaintiff.

5. **Interrogatory Number Sixteen Directed to Defendant Blhazhkevych**

This interrogatory seeks information regarding any oral or written statements made by Defendant Blhazhkevych regarding the subject accident. (Doc. 14 at 13.) In that Plaintiff seeks only non-privileged information, this information is relevant and discoverable and Defendants are directed to provide it to Plaintiff.

6. **Interrogatories Numbers Five Through Ten and Numbers Fourteen and Nineteen Directed to Defendants Valtrans, Express, Inc., AmeriFreight Systems, LLC, AmeriaFreight, Inc., and AmeriFreight Holding, LLC**

Plaintiff states that the requests contained in these

interrogatories is related to the corporate structure and operations of these Defendants. (Doc. 14 at 14.) Plaintiff explains that he seeks the identification of officers or employees who may have knowledge of the accident at issue here and/or Defendants' operations that caused the accident to occur. (*Id.* at 15.) Similarly, Plaintiff identifies the basis for the relevance asserted as to the interrogatories at issue and notes that it is clear from the face of the interrogatories that Plaintiff is not seeking any confidential communications or work product. (*Id.* at 15.)

Defendants assert that information about the corporate structure and operations of the corporate Defendants is wholly irrelevant to the question of negligence. (Doc. 16 at 7.)

While this may be true in some instances, where the relationship between the individual Defendant and Corporate Defendants appears to be at issue and where broader questions about Corporate Defendant operations, etc., may be relevant, the preference for a broad approach to discovery indicates that the discovery requested should be allowed. See *Oppenheimer*, 437 U.S. at 351. One caveat to this determination is that the request in Interrogatory Eight for "a copy of all lease agreements" for all of the trucks leased by the Corporate Defendants in 2014 and 2015 (*see* Doc. 13-1 at 15, 27) may not be proportional to the needs of the case and may be overly burdensome depending on the scope and volume

7

of the information requested. See Fed. R. Civ. P. 26(b)(1). The parties are urged to assess the appropriate extent of discovery on this issue and resolve the matter among themselves.

7. **Interrogatories Numbers Eleven Through Thirteen Directed to Defendants Valtrans Express, Inc., AmeriFreight Systems, LLC, AmeriaFreight, Inc., and AmeriFreight Holding, LLC**

Plaintiff states that these interrogatories seek information regarding Corporate Defendants' relationship with Defendant Blhazhkevych. (Doc. 14 at 16.) Defendants assert that the information requested with these interrogatories has been requested from the relevant Defendants. (Doc. 16 at 7-8.) The Court trusts that this information will be obtained and provided to Plaintiff. Thus, further discussion of the this matter is not warranted at this time.

8. **Interrogatories Numbers Sixteen Through Eighteen Directed to Defendants Valtrans Express, Inc., AmeriFreight Systems, LLC, AmeriaFreight, Inc., and AmeriFreight Holding, LLC**

In their responsive brief, Defendants do not specifically address Plaintiff's requests contained in these interrogatories which, according to Plaintiff, request information about how and when Corporate Defendants were informed of the subject accident and information regarding accident/incident reports (Doc. 14 at 16-17.) As the Court has no basis to conclude that the requests contained in these interrogatories should not be accommodated by Defendants, Defendants are directed to provide the full and complete responses requested if they have not already done so. (See Doc. 14 at 16-

17.)

## B. Production of Documents

### 1. Requests One Through Seven and Nine Through Ten

Defendants state that the information sought with these requests were to be delivered to Plaintiff's counsel's office by February 15, 2015. (Doc. 16 at 5.) Therefore, further discussion of these requests for production is not warranted.

### 2. Request Eight

Plaintiff summarizes this request to include "any policies or procedures of the Defendants regarding day-to-day motor carrier operating and safety procedures of the companies." (Doc. 14 at 20.) Defendants respond that they have provided "a copy of Mr. Blhazhkevych's training documents, which are to be delivered to plaintiff's counsel's office by Monday, February 15, 2016." (Doc. 16 at 5.) To the extent there may be a discrepancy between the general information requested and the documents specific to Defendant Blhazhkevych provided, Defendants have not provided a basis to exclude requested documents. Because there is no apparent basis to exclude the production of general operating and safety procedures, Defendants are required to produce these documents if they have not already done so.

### 3. Request Eleven

This request for production seeks documents related to how Corporate Defendants computed Defendant Blhazhkevych's pay. (Doc.

9

13-1 at 8-9, 38-39.) The time period identified is from "July 1, 2014, through March 29, 2014." (*Id.* at 8, 39.) The Court assumes Plaintiff seeks the information beginning on July 1, 2013. Plaintiff maintains that the request is not overly broad in that the information is sought for only one individual and the information is relevant regarding claims of agency and vicarious liability. (Doc. 14 at 21.) Defendant asserts that the request is unnecessary and not proportional to the needs of the case because "the pay information is not necessary to determine the negligence, if any, of the defendants." (Doc. 16 at 6.)

The Court agrees with Plaintiff that the information sought may be relevant to claims of agency and vicarious liability. However, the Court agrees with Defendant that the information sought is not proportional to the needs of the case in that the period of time for which Plaintiff seeks the requested documents is excessive in light of the rationale provided by Plaintiff. The Court concludes that the records sought are discoverable for the period of January 1, 2014, to March 29, 2014, as this time period is reasonable and coincides with other requests made by Plaintiff. (*See, e.g.*, Doc. 13-1 at 4.)

4. **Request Twelve**

With this request, Plantiff seeks the insurance policies which may be required to satisfy all or part of a judgment rendered in this action. (Doc. 14 at 21.) Plaintiff notes that the

AmeriaFreight Defendants have produced their policy. (*Id.*) Defendant states that the information has been requested from Defendant Valtrans. (Doc. 16 at 6.) If said information has not yet been provided to Plaintiff, Defendants are directed to do so now.

5. **Request Fourteen**

This request for production seeks the accident register which Defendants were required to keep pursuant to 49 C.F.R. § 390.15(b). (Doc. 14 at 21.) Defendants maintain that this information has been requested from Defendant Valtrans and the AmericFreight Defendants. (Doc. 16 at 6.) If said information has not yet been provided to Plaintiff, Defendants are directed to do so now.

C. *Deposition of Defendant Blhazhkevych*

Plaintiff asserts he has been attempting to schedule Defendant Blhazhkevych's deposition for several months to no avail. (Doc. 16 at 8.) Defendants contend that the deposition has not been able to be scheduled due to the inability to contact Defendant Blhazhkevych. (Doc. 16 at 8.) As noted previously, Defendant Blhazhkevych must cooperate in his defense or face the consequences of failing to do so. Because of Defendant Blhazhkevych's failure to cooperate as of the date of Defendants' responsive filing (Doc. 16), he will now be ordered to do so and be subject to the sanctions related to failure to follow a Court Order if he does not attend the deposition.

11

### III. Conclusion

For the reasons set out above, Plaintiff' Motion to Compel (Doc. 13) is granted as detailed in this Memorandum. An appropriate Order is filed simultaneously with this Memorandum.

*/s/ Richard P. Conaboy*
RICHARD P. CONABOY
United States District Judge

DATED: *April 4, 2016*